# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ETHAN PARKER,** *individually and on behalf of all others similarly situated,* <br><br> v. <br><br> **AMERICAN ADDICTION CENTERS, INC.,** | Case No. 3:24-cv-01505 <br><br> **JUDGE CAMPBELL** <br> **MAGISTRATE JUDGE HOLMES** |
| **TRACY LEE JAY,** *individually and on behalf of all others similarly situated,* <br><br> v. <br><br> **AMERICAN ADDICTION CENTERS, INC.,** | Case No. 3:24-cv-01513 |
| **NIKOLAOS SKOURTIS,** *individually and on behalf of all others similarly situated,* <br><br> v. <br><br> **AMERICAN ADDICTION CENTERS, INC.,** | Case No. 3:24-cv-01514 |
| **MARY DEBOER AND JAMES BOUCHEREAU,** *individually and on behalf of all others similarly situated,* <br><br> v. <br><br> **AMERICAN ADDICTION CENTERS, INC.,** | Case No. 3:24-cv-01510 |
| **COURTNEY COX,** *individually and on behalf of all others similarly situated,* <br><br> v. <br><br> **AMERICAN ADDICTION CENTERS, INC.,** | Case No. 3:25-cv-00007 |

| | |
|---|---|
| **SAMANTHA RAINEY,** *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | **Case No. 3:25-cv-00006** |
| **AMERICAN ADDICTION CENTERS, INC.,** ) ) ) | |
| **ATHENA LUTH,** *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | **Case No. 3:25-cv-00023** |
| **AMERICAN ADDICTION CENTERS, INC.,** ) ) ) | |
| **ANELL CAPELLAN,** *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | **Case No. 3:25-cv-00024** |
| **AMERICAN ADDICTION CENTERS, INC.,** ) ) ) | |
| **JASON LANAGAN,** *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | **Case No. 3:25-cv-00025** |
| **AMERICAN ADDICTION CENTERS, INC.,** ) ) ) | |
| **CHRIS KIDDER,** *individually and on behalf of all others similarly situated,* ) ) ) | |
| v. ) ) | **Case No. 3:25-cv-00032** |
| **AMERICAN ADDICTION CENTERS, INC.,** ) ) ) | |

| | |
|---|---|
| **PATRICIA ELLISON,** *individually and on behalf of all others similarly situated,* | ) ) ) |
| v. | )     **Case No. 3:25-cv-00062** ) |
| **AMERICAN ADDICTION CENTERS, INC.,** | ) ) ) |
| **RON PRONSKY,** *individually and on behalf of all others similarly situated,* | ) ) ) |
| v. | )     **Case No. 3:25-cv-00098** ) |
| **AMERICAN ADDICTION CENTERS, INC.,** | ) ) ) |

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CLASS COUNSEL

This matter, having come before the Court by the Plaintiffs in the above-captioned cases on Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel, and the Court having reviewed the papers and for good cause shown, the Motion is **GRANTED** as set forth below:[1]

    1.    The above captioned cases ("Related Actions") are hereby consolidated. The Clerk of the Court is hereby directed to administratively close all of the Related Actions other than the first filed case – *Parker v. American Addiction Centers, Inc.*, Case No. 3:24-cv-01505 (M.D. Tenn.,

---

[1] Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel is filed in the above captioned cases as follows: *Parker v. American Addiction Ctrs., Inc.*, 3:24-cv-01505, Doc. No. 15; *Jay v. American Addiction Ctrs., Inc.*, 3:24-cv-01513, Doc. No. 12; *Skourits v. American Addiction Ctrs., Inc.*, 3:24-cv-01514, Doc. No. 12; *Deboer v. American Addiction Ctrs., Inc.*, 3:24-cv-01510, Doc. No. 18; *Cox v. American Addiction Ctrs., Inc.*, 3:25-cv-00007, Doc. No. 10; *Raniey v. American Addiction Ctrs., Inc.*, 3:25-cv-00006, Doc. No. 10; *Luth v. American Addiction Ctrs., Inc.*, 3:25-cv-00023, Doc. No. 13; *Capellan v. American Addiction Ctrs., Inc.*, 3:25-cv-00024, Doc. No. 12; *Lanagan v. American Addiction Ctrs., Inc.*, 3:25-cv-00025, Doc. No. 13; *Kidder v. American Addiction Ctrs., Inc.*, 3:25-cv-00032, Doc. No. 9; *Ellison v. American Addiction Ctrs., Inc.*, 3:25-cv-00062, Doc. No. 8; *Pronsky v. American Addiction Ctrs., Inc.*, 3:25-cv-00098, Doc. No. 8.

filed December 27, 2024). Any initial case management conferences scheduled in the Related Actions are **CANCELLED** to be reset by the Magistrate Judge following entry of this Order.

2. All future filings in the Consolidated Action shall be filed under the lead case number, 3:24-cv-01505, and shall be captioned: "In re American Addictions Centers, Inc. Data Breach Litigation."

3. The parties shall file a Notice of Related Action when a case that arises out of the same or similar alleged facts as the Consolidated Action is filed in, transferred to, or removed to this Court.

4. If the Court determines that the case is related, the Court will order that the case be consolidated and direct the Clerk of Court to enter a copy of this Order in the Related Action and administratively close that action.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Interim Class Counsel.

6. Mr. Stranch meets the requirements of Rule 23(g). Interim Class Counsel is designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work amongst all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. Plaintiffs agree that the duties and responsibilities of Interim Class Counsel are as follows:

    a) Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b) Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c) Convene meetings amongst counsel;

d) Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e) Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f) Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g) Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h) Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i) Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j) Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k) Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l) Make available to other Plaintiffs' counsel documents produced by the Defendants; and

m) Allocate attorneys' fees.

7. Unless otherwise ordered by the Court, any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel and no other Plaintiffs' counsel, or firm, shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Class Counsel.

8. Interim Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

9. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data breach underlying this litigation.

10. Interim Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Class Counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions. Interim Class Counsel shall also ensure that this Order is served upon Defendant(s) in the new case.

11. Plaintiffs in the Consolidated Action shall file a consolidated complaint within 60 days of this Order. The Defendants shall file a responsive pleading 60 days after the filing of the Consolidated Complaint. The Plaintiffs shall then have 60 days to file their response, and the Defendant shall have 30 days thereafter to file its reply.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE