# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE AMERICAN ADDICTION CENTERS, INC. DATA BREACH LITIGATION | Case No. 3:24-cv-01505<br><br>Chief Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS**, Plaintiffs Ethan Parker, Tracy Lee Jay, Nikolaos Skourtis, Mary Deboer, James Bouchereau, Courtney Cox, Samantha Rainey, Athena Luth, Anell Capellan, Jason Lanagan, Chris Kidder, Patricia Ellison, and Ron Pronsky ("Plaintiffs"), individually and on behalf and Defendant American Addiction Centers, Inc. ("Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Kroll Settlement Administration, LLC ("Kroll") as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

Having fully considered the issue, the Court hereby **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and **ORDERS** as follows:

1. **Jurisdiction:** The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Action, Plaintiffs, Settlement Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement Agreement.

2. **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All persons whose Private Information was potentially compromised in the Data Incident, including all individuals to whom Defendant sent an individual notification letter regarding the Data Incident.

3. The Settlement Class includes approximately 423,065 people. The Settlement Class specifically excludes: (a) all persons who are directors and officers of Defendant, or their respective subsidiaries and affiliated companies; (b) governmental entities; (c) the Judge(s) assigned to the Action, the Judge's immediate family, and Court staff; and (d) any Settlement Class Member who timely and validly requests to be excluded from this Settlement.

4. **Class Findings**: The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims

of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. **Class Representatives and Settlement Class Counsel**: The Court finds, for settlement purposes only, that Plaintiffs Ethan Parker, Tracy Lee Jay, Nikolaos Skourtis, Mary Deboer, James Bouchereau, Courtney Cox, Samantha Rainey, Athena Luth, Anell Capellan, Jason Lanagan, Chris Kidder, Patricia Ellison, and Ron Pronsky will likely satisfy the requirements of Rule 23(e)(2)(A) and are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that, for settlement purposes only, the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and they will be adequate Class Representatives. The Court further finds that J. Gerard Stranch of Stranch, Jennings, & Garvey, PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) as experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel pursuant to Rule 23(g)(1) in order to effectuate the Settlement.

6. **Preliminary Settlement Approval**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure,

the Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

After considering the benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the negotiations between the Parties, the effectiveness of the proposed method for distributing Notice and benefits to the Settlement Class, and the proposed manner of allocating benefits to Settlement Class Members, solely for the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of good faith, arm's length negotiations conducted between experienced counsel; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data security class action settlements, which has been found to be effective in these types of settlements, and (iii) the reasonable and standard conditions under which the Parties may terminate the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

7. **Final Approval Hearing**. A Final Approval Hearing shall be held at 3:00 p.m. on April 20, 2026, in the United States District Court for the Middle District of Tennessee, at the Fred

4

Case 3:24-cv-01505    Document 31    Filed 12/05/25    Page 4 of 11 PageID #: 362

D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Courtroom 6B, Nashville, TN 37203 or via Zoom or by phone as determined by the Court for the purpose of, among other things, to decide whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) Settlement Class Counsel's motion for attorneys' fees and costs should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) Settlement Class Counsel's motion for Service Awards for the Class Representatives should be approved. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth herein.

8. The Court retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement, may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

9. **Retention of Settlement Administrator and Manner of Giving Notice**. The Parties are authorized to retain Kroll (the "Settlement Administrator") to supervise and administer the Notice Program in connection with the proposed Settlement as well as the processing of Claims as set forth in the Settlement Agreement including by distributing the Postcard Notice, Long Form Notice, and Claims Form included as Exhibits 1–3 to the Settlement Agreement. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

a) Within ten days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;
b) Within thirty days of this Order, the Settlement Administrator shall began distributing Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement; and
c) Before the Postcard Notice is first mailed, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement.

10. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, the Long Form Notice, and the Postcard Notice, attached to the Settlement Agreement as Exhibits 1–3,[1] and (b) finds that the Notice Program described in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request attorneys' fees and costs and Class Representatives' request for an Service Awards, of Settlement Class Members' right to object to the Settlement, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

11. **Participation in the Settlement**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim

---

[1] The location of the Final Approval Hearing shall be corrected to conform with the location provided in this Order.

Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Settlement Agreement. The Settlement Administrator will be responsible for effectuating the notice and claims process.

12. Settlement Class Members who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within sixty days after the Notice Completion Date. If a Final Approval Order and judgment is entered, all Settlement Class Members who do not submit valid and timely request to opt-out, as set forth in the Settlement Agreement, shall be forever barred from receiving any Settlement benefit, and will be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and judgment.

13. **Class Action Fairness Act Notice**. Within ten days after the filing of the Motion for Preliminary Approval of Class Action Settlement, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on the appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

14. **Claims Process and Distribution and Allocation Plan**. The Parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Forms. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

15. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of their intent to exclude themselves

from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than sixty days after the Notice Commencement Date (the "Opt-Out Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and must specifically state their desire to be excluded from the Settlement and from the Settlement Class.

16. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and judgment is entered, any Settlement Class Member who has not submitted a valid request to opt-out from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Releases set forth in the Final Approval Order and judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the Released Claims. All Settlement Class Members who submit valid and timely request to opt-out from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

17. **<u>Objections and Appearances</u>**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to Settlement Class Counsel and counsel for Defendant or filed with the Clerk of Court and served concurrently on Class Counsel and counsel for Defendant no later than sixty days after the Notice Commencement Date (the "Objection Deadline") as specified in the Notice and Paragraph 84 of the Settlement Agreement. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 84 of the Settlement Agreement, which is as follows:

    a. the objector's full name, mailing address, telephone number, and email address (if any);

b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards, and whether they will appear at the Final Approval Hearing;

e. the number of times in which the objector's counsel and/or the objector's counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on the objection issued by the trial and appellate courts in each such listed case;

f. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

g. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

h. the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to comply with the provisions in Paragraph 84 of the Settlement Agreement may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, any Final Approval Order and judgment, and by all proceedings, orders, and judgments in this matter. If a Final Approval Order and judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived their objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Awards, or Class Counsel's motion for attorneys' fees and costs.

18. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

19. **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

20. **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Parties.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Event | Date |
|---|---|
| Defendant to Provide the Class List to the Settlement Administrator | Within 10 days after Entry of Preliminary Approval Order |
| Notice Commencement Deadline | 30 days after entry of Preliminary Approval Order |
| Notice Completion Deadline | 45 days after entry of Preliminary Approval Order |
| Postmark Deadline for Request for Exclusion ("Opt-Out") or Objections | 60 days after the Notice Commencement Date |
| Deadline to File Claims | 60 days after the Notice Completion Date |
| Deadline for Plaintiffs to file Motion for Final Approval of the Settlement Agreement, inclusive of request for attorneys' fees and Service Award. | No later than 14 days before the opt-out and objection deadline |
| Final Approval Hearing | April 20, 2026, at 3:00 p.m., at the Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 6B, Nashville, Tennessee 37203 |

**IT IS SO ORDERED** this 5th day of December, 2025.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE